**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**THOMASVILLE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **Case No.** |
| : | **6:04-CR-07 (HL)** |
| **THOMAS H. FRAZIER,** : | |
| : | |
| **Defendant.** : | |

# O R D E R

Defendant, Thomas H. Frazier, has filed a Motion to Dismiss Indictment [doc 59], in which he contends he has been erroneously indicted under the a/k/a of "Butter." He maintains he has never been known by or called by the name "Butter," and he has always been known by and called by the name "Tommy." Defendant requests that the indictment be dismissed because he is not the person named in the indictment.

Defendant has offered no authority suggesting that dismissal is the appropriate remedy when the indictment contains an incorrect alias, and the cases that the Court has found suggest that dismissal generally is not warranted. As a general rule "[t]he use of an alias in an indictment and in evidence is permissible if it is necessary to connect the defendants with the acts charged." United States v. Jorge-Salon, 734 F.2d 789, 791-92 (11th Cir. 1984). *See also* United States v. Taylor, 554 F.2d 200 (5th Cir. 1977) (finding no error in the use of an alias in the indictment).

Case law from this circuit holds that "it is permissible to include an alias in an indictment if the Government plans to introduce evidence of the alias as an identifying characteristic of the defendant." United States v. Satterfield, 743 F.2d 827, 848 (11th Cir. 1984). If it is determined during trial that "an indictment improperly includes a reference to an alias, an appropriate jury

instruction can cure possible prejudice." Id. (citing Doelle v. United States, 309 F.2d 396 (5th Cir.1962)).  Moreover, a defendant who believes that an alias has been used improperly can move to strike the alias from the indictment before trial. *See, e.g.,* Satterfield, 743 F.2d at 847 (defendant filed a pretrial motion to strike alias language); Jorge-Salon, 734 F.2d at 791 (same).

The case law suggests that a defendant may be entitled to some relief if he can show that he has been erroneously indicted under an alias.  However, Defendant has offered nothing to persuade the Court that dismissal of the indictment is the appropriate remedy.  Accordingly, the Motion to Dismiss Indictment is hereby denied.

**SO ORDERED**, this the 30th day of August, 2005.

> s/  Hugh Lawson
> **HUGH LAWSON, Judge**

mls